**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**
**(SOUTHERN DIVISION)**

CHAMBERS OF
THE HONORABLE GINA L. SIMMS
UNITED STATES MAGISTRATE JUDGE



6500 CHERRYWOOD LANE
GREENBELT, MARYLAND 20770

February 16, 2023

LETTER TO COUNSEL

   RE: *Selina M. v. Kijakazi, Acting Commissioner of Social Security*
      Civ. No. GLS-21-2943

Dear Counsel:

  Pending before this Court are cross-motions for summary judgment, filed by Plaintiff Selina M., and the Social Security Administration. (ECF Nos. 14, 17). The Plaintiff also filed a reply brief. (ECF No. 18). Upon review of the pleadings and the record, the Court finds that no hearing is necessary. *See* Local Rule 105.6. (D. Md. 2021).

  The Court must uphold the decision of the Social Security Administration ("SSA" or "the Agency") if it is supported by substantial evidence and if the Agency employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). The substantial evidence rule "consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." *Craig*, 76 F.3d at 589. This Court shall not "re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment" for that of the SSA. *Id.* For the reasons set forth below, I will deny the motions, reverse the Commissioner's decision in part, and remand the case back to the SSA for further consideration.

## I. BACKGROUND

  Plaintiff filed a Title XVI application for supplemental security income on June 13, 2019. Plaintiff filed a Title II application for a period of disability and child's disability insurance benefits on July 12, 2019. (Tr. 15). In both applications, the Plaintiff alleges that disability began on May 1, 2019. *(Id.).* These claims were initially denied on August 28, 2019, and upon reconsideration, denied again on January 23, 2020. (*Id.*). Plaintiff filed a written request for a hearing, which was granted. A telephone hearing was conducted on March 16, 2021, by an Administrative Law Judge ("ALJ"). (*Id.*)*.* For the reasons articulated on the record, Plaintiff amended her alleged onset date of disability to May 4, 2018. (*Id.*)*.* On April 9, 2021, the ALJ found that Plaintiff was not disabled under section 223(d) of the Social Security Act. (Tr. 15-27). On September 13, 2021, the Appeals Council denied Plaintiff's request for review, and the ALJ's decision became the final and reviewable decision of the SSA. (Tr. 1). *See also* 20 C.F.R. § 422.210(a).

*Selina M. v. Kijakazi, Acting Commissioner of Social Security*
Civ. No. GLS-21-2943
February 16, 2023
Page 2

## II.    ANALYSIS PERFORMED BY THE ADMINISTRATIVE LAW JUDGE

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). An individual is deemed to have a disability if his/her "physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work . . . which exists in significant numbers in the region where such individual lives or in several regions of the country." 42 U.S.C. § 423(d)(2)(A).

To determine whether a person has a disability, the ALJ engages in the five-step sequential evaluation process set forth in 20 C.F.R. §§ 404.1520(a); 416.920(a). *See e.g., Barnhart v. Thomas*, 540 U.S. 20, 24-25 (2003); *Mascio v. Colvin*, 780 F.3d 632, 634-35 (4th Cir. 2015). The steps used by the ALJ are as follows: step one, assess whether a claimant has engaged in substantial gainful activity since the alleged disability onset date; step two, determine whether a claimant's impairments meet the severity and durations requirements found in the regulations; step three, ascertain whether a claimant's medical impairment meets or equals an impairment listed in the regulations ("the Listings"). If the first three steps are not conclusive, i.e., a claimant's impairment is severe but does not meet one or more of the Listings, the ALJ proceeds to step four. At step four, the ALJ assesses the claimant's residual functional capacity ("RFC"). A claimant's RFC is the most that a claimant could do despite her/his limitations, through consideration of claimant's "'medically determinable impairments of which [the ALJ is] aware,' including those not labeled severe at step two." *Mascio*, 780 F.3d at 635 (quoting 20 C.F.R. § 416.945(a)). Also at step four, the ALJ analyzes whether a claimant could perform past work, given the limitations caused by her/his impairments. Finally, at step five, the ALJ analyzes whether a claimant could perform jobs other than what the claimant performed in the past, and whether such jobs exist in significant numbers in the national economy. *See* 20 C.F.R. §§ 404.1520(a)(4)(i) - 404.1520(a)(4)(v).

 At steps one through four, it is the claimant's burden to show that she is disabled. *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987); *Monroe v. Colvin*, 826 F.3d 176, 179-80 (4th Cir. 2016). If the ALJ's evaluation moves to step five, the burden then shifts to the SSA to prove that a claimant has the ability to perform work and, therefore, is not disabled. *Hunter v. Sullivan*, 993 F.3d 31, 35 (4th Cir. 1992).

Here, the ALJ evaluated Plaintiff's claim by following the sequential evaluation process outlined above. (Tr. 15-27). At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since May 4, 2018, the amended alleged onset date of Plaintiff's disability. (Tr. 18). At step two, the ALJ found that Plaintiff suffered from the following severe impairments: bipolar disorder, type I (sic); and generalized anxiety disorder. (*Id.*). The ALJ found these impairments were severe because these impairments significantly limit the Plaintiff's ability to perform basic work activities as required by Social Security Ruling ("SSR") 85-28. (*Id.*). However,

*Selina M. v. Kijakazi, Acting Commissioner of Social Security*
Civ. No. GLS-21-2943
February 16, 2023
Page 3

at step three the ALJ also determined that none of Plaintiff's impairments or combination of impairments met or medically equaled one or more of the Listings. (Tr. 18-20). Taking into account Plaintiff's severe impairments, the ALJ next assessed the claimant's RFC. Despite Plaintiff's severe impairments, the ALJ determined that Plaintiff had the RFC to:

> perform a full range of work at all exertional levels but with the following nonexertional limitations. She is limited to simple, routine and low stress tasks, with low stress defined as requiring work with no more than occasional change in the routine, short simple instructions, no more than occasional simple decision-making, and work that allows her to avoid fast-paced tasks such as assembly line jobs involving production quotas. She is limited to occasional, brief and superficial interaction with the public and coworkers. She has to avoid working around hazards such as moving dangerous machinery and unprotected heights.

(Tr. 20-21). At step four, the ALJ found that Plaintiff has no past relevant work. (Tr. 25). Before making a finding regarding step five, the ALJ conducted a hearing. At that hearing, a vocational expert ("VE") testified, relying upon his own experience as a vocational rehabilitation counselor, about whether there are any medium, light, or sedentary jobs that a hypothetical person with the same age, education, and work experience as the Plaintiff, with her RFC, would be able to perform. (Tr. 47-50). The VE testified that there are medium jobs that this hypothetical individual would be able to perform: bagger, hand packer and packagers. (*Id.* at 48-49.). The VE testified that there are light jobs that this hypothetical individual would be able to perform: mail sorter and merchandiser marker. (*Id.* at 49.). The VE testified that there are sedentary jobs that this hypothetical individual would be able to perform: document preparer, and press clippings cutter and paster. (*Id.*). Finally, the VE opined that the hypothetical individual could not perform any job that required the person to not be "off task" for more than 15% of the day, nor perform any job if the person were only allowed two days of absence per month. (Tr. 50).

At step five, the ALJ ultimately determined that Plaintiff was not disabled, because she could perform other work existing in significant numbers existing in the national economy, e.g., as a bagger, hand packager, mail sorter, merchandise marker, document preparer, and press clippings cutter and paster. (Tr. 26).

## III.    DISCUSSION

In requesting summary judgment, Plaintiff contends that the ALJ: (1) failed to properly evaluate the opinions of the state agency psychological consultants; and (2) provided an inadequate hypothetical to the VE, which did not account for the Plaintiff's social limitations. (ECF No. 14, "Plaintiff's Motion," pp. 11-20). In response, the SSA argues that the ALJ: (1) properly considered the evidence in assessing the opinions of the state agency psychological consultants; and (2) any error in the ALJ's analysis is harmless. ("ECF No. 17, "Defendant's Motion," pp. 3-7).

*Selina M. v. Kijakazi, Acting Commissioner of Social Security*
Civ. No. GLS-21-2943
February 16, 2023
Page 4

I have carefully reviewed the arguments and the record. I find persuasive Plaintiff's argument that the ALJ failed to properly evaluate the opinions of the state agency psychological consultants. Accordingly, I find that remand is appropriate, for the reasons set forth below. Because this case is being remanded, I will not address Plaintiff's other argument.

When assessing whether an ALJ properly evaluated medical opinions and prior administrative findings, 20 C.F.R. § 404.1520c governs for claims that were submitted after March 20, 2017. When an ALJ considers a medical opinion or prior administrative finding, she is precluded from giving it "any specific evidentiary weight, including controlling weight." 20 C.F.R. § 404.1520c(a). Instead, an ALJ must consider a series of factors when assessing the persuasiveness of a medical opinion or prior administrative finding. Although not exhaustive, Section 404.1520c(c) lists the following as factors that an ALJ must consider when assessing the persuasive value of a medical opinion or prior administrative finding: (1) supportability; (2) consistency; (3) relationship to claimant; and (4) specialization. 20 C.F.R. § 404.1520c(c).

"Supportability" refers to "the objective medical evidence and supporting explanations provided by a medical source." 20 C.F.R. § 404.1520c(c)(1). If a medical professional relies on objective medical evidence, his/her conclusions will be viewed by the Agency as more persuasive. *Id.* "Consistency" generally refers to the consistency between the opinion given and "the evidence from other medical sources and nonmedical sources in the claim." 20 C.F.R. § 404.1520c(c)(2). Notably, Section 404.1520c provides that "supportability" and "consistency" are the "most important" factors for an ALJ to consider. 20 C.F.R. § 404.1520c(a). As such, the ALJ is required to articulate how she considered those factors. 20 C.F.R. § 404.1520c(b)(2). As for the remaining factors, Section 404.1520c provides that an ALJ "may, but [is] not required to explain" how she considered them. *Id.* Therefore, it is not a fatal omission for an ALJ to remain silent on how she considered factors other than consistency and supportability.

In this case, the Plaintiff argues that the ALJ failed to properly evaluate the consistency between the state agency psychological consultants' opinions ("the Opinions") and the evidence of record. Specifically, Plaintiff first argues that the consultants clearly opined that Plaintiff should be limited to occasional and incidental interactions with her coworkers, supervisors, and the public. (Plaintiff's Motion, p. 12). Second, the Opinions are clearly sound, as the evidence of record is replete with instances of how Plaintiff is deficient in her social functioning, ability to maintain relationships, and respond to criticism. (Plaintiff's Motion, pp. 12-15). Thus, when the ALJ rejected the Opinions as inconsistent with the evidence in the record, the ALJ was required, per the regulation, to articulate clearly how he considered the "supportability" and "consistency factors" to reach that conclusion. *Id.* The SSA counters that the ALJ properly assessed the Opinions in accordance with the regulations. Specifically, the SSA contends the ALJ "demonstrated a clear consideration" of supportability and consistency and "provided a valid explanation" as to why he found the limitation with respect to Plaintiff's interactions with supervisors as inconsistent with the evidence. (Defendant's Motion, p. 4-5).

In his decision, the ALJ documents the evidence in the record, including: (1) Plaintiff's statements; (2) medical records; (3) Plaintiff's employment history; and (4) the Opinions. (Tr. 20-

24). When analyzing the Opinions, the ALJ found them to be "generally persuasive." (Tr. 24). However, the ALJ rejected the Opinions' proposed limitation on Plaintiff's interactions with supervisors, finding that it was "not consistent with the record." (Tr. 25) The Court will analyze whether the ALJ's rejection of the functional limitation suggested in the Opinions is supported by substantial evidence.

### A. Supportability

In the decision, the ALJ made explicit findings on both the supportability and consistency of the Opinions. Regarding supportability, the ALJ first found that the Opinions were "generally persuasive" because they were supported by objective medical evidence. (Tr. 24). In particular, the ALJ referred to "medical summaries" relied upon by the Opinions. (*Id.*). A cursory review of the record shows that the Opinions cite to and analyze these medical summaries. (Tr. 69, 80). Although the explanation by the ALJ is relatively brief, the Plaintiff does not challenge this aspect of the ALJ's evaluation, and the explanation provided is enough to allow the Court to find that substantial evidence supports the ALJ's finding on this factor.

### B. Consistency

The ALJ found that the Opinions are consistent with "clinical findings showing the [Plaintiff's] improvement with medication as well as [the Plaintiff's] own statements about her subjective improvement with medication." (Tr. 25). However, the ALJ also found that the Opinions' conclusion that the Plaintiff should be limited to "occasional, brief and superficial interaction" with supervisors is inconsistent with evidence on the record. (*Id.*). Specifically, the ALJ held that such limitation is inconsistent with the Plaintiff's statement that she gets along with supervisors "out of fear." (*Id.*).

Although the ALJ is not required to refer to every piece of evidence when arriving at a conclusion, he must provide a reasoned basis for rejecting evidence that runs contrary to his conclusion. *Reid v. Comm'r Soc. Sec.*, 769 F.3d 861, 865 (4th Cir. 2014); *see also Dotson ex rel. T.W. v. Astrue*, Civ. No. SAG–10–2066, 2012 WL 1911110, at *4 (D. Md. May 24, 2012) ("An ALJ must affirmatively reject that contradictory evidence and explain his rationale for so doing"); *Smith v. Heckler*, 782 F.2d 1176, 1181 (4th Cir.1986) (same). When the record contains evidence that contradicts an ALJ's conclusion, failing to analyze such evidence and explain his basis for rejecting it will preclude meaningful review. *See e.g., Davis v. Colvin*, Civ. No. TMD-13-3376, 2015 WL 390708, at *4 (D. Md. Jan 27, 2015).

The Court finds instructive *Markcus C. v. Comm'r Soc. Sec.*, Civ. No. 22-1917, 2023 WL 1775612, at *8 (S.D. Oh. Feb. 6, 2023). In *Markcus C.*, the claimant suffered from a variety of mental impairments including post-traumatic stress disorder and anxiety. *Id.* at *1. Upon examination, two state agency psychological consultants opined that the claimant should be limited to "brief superficial interactions with the general public, coworkers, and supervisors." *Id.* The ALJ found those opinions to be only "somewhat persuasive" because they were only "somewhat consistent" with the evidence and evidence existed that contradicted the proposed limitation(s). *Id.*

at *5. However, the court held that there were multiple pieces of evidence in the record that supported the state agency psychological consultants' proposed limitation that the ALJ failed to address. *Id.* at *7. The court found that the ALJ "failed to explain how she evaluated the cited records and conflicting, related records." *Id.* at *8. As a result, the court held that the ALJ failed to adequately evaluate the state agency psychological consultants' opinions in accordance with 20 C.F.R. § 404.1520c(b)(2) and substantial evidence did not exist to support the ALJ's finding. *Id.*

Here, the Plaintiff asserts that the ALJ erred by limiting his consistency analysis to a "single piece of evidence," namely Plaintiff's statement that she gets along with supervisors "out of fear." (Plaintiff's Motion, p. 13). The Court agrees with the Plaintiff. The ALJ found that the Opinions, specifically the limitation regarding Plaintiff's interactions with supervisors, are inconsistent with the record solely based on that single piece of evidence. (Tr. 25). However, as Plaintiff correctly contends, the ALJ did not provide an analysis of the evidence which directly contradicts this finding. (Tr. 15-27). Among this evidence is the Plaintiff's interpersonal disputes with her mother, including homicidal thoughts toward her mother, irrational thoughts about prospective employers, and Plaintiff's remarks about her difficulty working with her previous boss. (Tr. 46, 293, 304-305, 369, 445). Because the ALJ failed to address this evidence at any point in his decision, the Court cannot find that the ALJ properly evaluated the consistency of the Opinions and, by extension, that there is substantial evidence to support his decision. *See Markcus C.*, 2023 WL 1775612, at *8.

### C. No Harmless Error

The SSA further argues that even if the Court accepts that the ALJ failed to adopt the agency consultants' opinions, any error was harmless. The Court disagrees. As in *Cavers v. Colvin*, Civ. No. TMD-13–632, 2014 WL 4662515, at *8 (D. Md. Sept. 17, 2014), the error in this case is the failure by the ALJ to adequately explain his evaluation of a medical opinion. In finding harmful error, the *Cavers* court said that "the [c]ourt 'may not create or adopt post-hoc rationalizations to support the ALJ's decision that are not apparent from the ALJ's decision itself.'" *Id.* (quoting *Haga v. Astrue*, 482 F.3d 1205, 1207–08 (10th Cir. 2007)). Put another way, an error is not harmless if the ALJ does not adequately articulate his finding(s) in rendering a decision. In the absence of such an articulation, this Court cannot find that substantial evidence exists to support the ALJ's decision.

In sum, the ALJ failed to provide an adequate analysis of the evidence that contradicted his finding regarding the consistency of the Opinions. Accordingly, the ALJ's decision runs afoul of 20 C.F.R. § 404.1520c(b)(2) and is not supported by substantial evidence. Therefore, remand is required.

On remand, the ALJ should provide a proper analysis of the contradictory evidence and how such evidence does or does not support his conclusion.

### IV.   CONCLUSION

For the reasons set forth above, both parties' summary judgment motions (ECF Nos. 14,

*Selina M. v. Kijakazi, Acting Commissioner of Social Security*
Civ. No. GLS-21-2943
February 16, 2023
Page 7

17) are **DENIED**. In addition, consistent with sentence four of 42 U.S.C. § 405(g), the Agency's judgment is **REVERSED IN PART** due to an inadequate analysis. The case is **REMANDED** for further proceedings in accordance with this Opinion. I express no opinion as to whether the ALJ's ultimate finding that Plaintiff is not disabled, and therefore, not entitled to benefits, is correct. The Clerk of the Court is directed to **CLOSE** this case.

    Despite the informal nature of this letter, it should be flagged as an opinion and docketed as such. A separate Order follows.


                                    Sincerely,


                                    _____/s/_____
                                    The Honorable Gina L. Simms
                                    United States Magistrate Judge